IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>KEYANBA TAYLOR, individually and as surviving parent of TARVIS TAYLOR, and KEYANBA TAYLOR, as administrator of the estate of TARVIS TAYLOR, deceased; PARADISE HOUSING PARTNERS, LP; PARADISE HOUSING MANAGEMENT, LLC; ARCO MANAGEMENT CORPORATION; VITUS DEVELOPMENT IV, LLC,<br><br>Defendants. | CIVIL ACTION FILE NO.: 1:21-CV-00481-SCJ |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant KEYANBA TAYLOR, individually and as surviving parent of TARVIS TAYLOR, and KEYANBA TAYLOR, as administrator of the estate of TARVIS TAYLOR (hereinafter "Defendant") submits her answer, affirmative defenses, and counterclaims in the above-captioned matter as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff Great American Assurance Company ("Plaintiff" or "GAAC") fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants Paradise Housing Partners LP, Paradise Housing Management, LLC, Arco Management Corporation, and Vitus Development IV, LLC ("the insureds") complied with all notice provisions of the subject insurance policy.

### THIRD AFFIRMATIVE DEFENSE

Because the underlying insurance policy was delivered in the State of Washington, the laws of the State of Washington apply in this action. *See, e.g., Travelers v. Kansas City Landsmen,* 592 Fed.Appx. 876, 881 (11th Cir. 2015) ("When jurisdiction is based on diversity, such as in this case, the forum state's choice-of-law rules govern which state's substantive law applies. ... Under Georgia law the place of the delivery of the insurance contract controls.") (internal citations omitted). Washington law requires an insurer to perform under its insurance contract despite late notice of loss, unless the insurer shows actual and substantial prejudice due to the late notice. *See, e.g., S & K Motors, Inc. v. Harco Nat. Ins. Co.,* 151 Wash. App. 633, 636 (2009). Here, Plaintiff Fireman's Fund Insurance

Company cannot show any prejudice, and has not alleged that it was in any way prejudiced by any alleged late notice. Thus, Plaintiff's claims against Defendants should be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff waived its bases for denying coverage.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint for declaratory judgment is barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint for declaratory judgment is barred by failure of conditions precedent.

**NINTH AFFIRMATIVE DEFENSE**

The policies of insurance which are the subject of Plaintiff's Complaint provide insurance coverage for the allegations made in *Keyanba Taylor, individually and as surviving parent of Tarvis Taylor, and Keyanba Taylor, as administrator of the estate*

*of Tarvis Taylor, deceased, v. Paradise Housing Partners LP, Paradise Housing Management, LLC, Arco Management Corporation, Vitus Development IV, LLC and Blue Line Protection Management and Consulting, LLC* (State Court of DeKalb County, Civil Action No. 19A73108).

**TENTH AFFIRMATIVE DEFENSE**

Timely notice was given and therefore Plaintiff's claims fail as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

There is a prior pending action filed before this action in the Superior Court of the State of Washington pertaining to the exact same issues as this case.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint applies the wrong choice of law analysis and the wrong state law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Ambiguities in the policy as to who must notified, how they must be notified, and when they must be notified are to be construed against Plaintiff and therefore Plaintiff is not entitled to the relief it seeks.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, the insureds maintain that they are insured and that the policies which are the subject of Plaintiff's Complaint provide insurance coverage for the incident at issue.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to name a necessary party, specifically National Real Estate Purchasing Group ("NREG"), which assumed the responsibility of notifying insurers, and upon information and belief, the insurers consented to NREG's assumption of that responsibility.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant is presently without sufficient knowledge and information from which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses. As such, Defendant reserves the right to assert additional affirmative defenses in the event discovery reveals facts or legal contentions which render such defenses appropriate.

## ANSWER

Subject to the foregoing affirmative defenses, Defendant answers Plaintiff's Complaint as follows:

## BACKGROUND

1.

Defendant Taylor admits that Great American Assurance Company ("GAAC") filed an action for declaratory judgment but denies that GAAC is entitled to the relief it seeks, and a separate action pertaining to the same issues as this action was filed in the Superior Court of the State of Washington before this action was filed.

2.

Admitted.

3.

Admitted that Defendant Taylor is a resident of the State of Georgia. Defendant Taylor's current address is 222 Tuskegee Street SE Apt-209, Atlanta, GA 30315.

4.

Admitted that Defendant Paradise Housing Partners LP is a domestic limited partnership organized under the laws of the State of Georgia and with its principal

place of business in Seattle, WA, and may be served through its Registered Agent, CT Corporation System, 289 South Culver Street, Lawrenceville, GA 30046. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 4 and therefore denies same.

5.

Admitted that Defendant Paradise Housing Management, LLC is a domestic limited liability company organized under the laws of the State of Georgia and with its principal place of business in Seattle, WA, and may be served through its Registered Agent CT Corporation System, 289 South Culver Street, Lawrenceville, GA 30046. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 5 and therefore denies same.

6.

Admitted.

7.

Admitted.

8.

Upon information and belief, admitted, although Defendant notes that a lawsuit pertaining to the same issues is pending in the Superior Court of the State of Washington, and therefore Defendant preserves all defenses as to jurisdictional issues.

9.

Upon information and belief, admitted, although Defendant notes that a lawsuit pertaining to the same issues is pending in the Superior Court of the State of Washington, and therefore Defendant preserves all defenses as to jurisdictional issues.

10.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 10 and therefore denies same.

11.

Admitted that the amount in controversy exceeds $75,000, but Defendant Taylor denies the remaining allegations in the paragraph.

12.

Defendant Taylor admits that GAAC filed an action for declaratory judgment but denies that GAAC is entitled to the relief it seeks.

13.

Admitted.

14.

Admitted.

15.

Admitted.

16.

Admitted.

17.

Admitted.

18.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 18 and therefore denies same.

19.

Denied.

20.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to when GAAC was notified as stated in the allegations contained

in Paragraph 20 and therefore denies same, and further states that due to the worldwide COVID-19 pandemic, and excess insurer Fireman's Fund Insurance Company ("FFIC") scheduling a mediation in the underlying action, only limited discovery has taken place in the underlying action, and therefore Defendant denies this allegation as pled.

21.

Upon information and belief, admitted.

22.

Admitted that the Policy attached to GAAC's Complaint as Exhibit C contains a "Following Form" endorsement which appears to be accurately quoted. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 22, as well as the authenticity of the attached policy, and it applicability and/or enforceability, and therefore denies same.

23.

Admitted that the Policy attached to GAAC's Complaint as Exhibit C appears to be accurately quoted. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in

Paragraph 23, as well as the authenticity of the attached policy, and it applicability and/or enforceability, and therefore denies same.

24.

Admitted that the Policy attached to FFIC's Complaint as Exhibit C appears to be accurately quoted. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 24, as well as the authenticity of the attached policy, and it applicability and/or enforceability, and therefore denies same.

25.

Admitted.

26.

Admitted that the Policy attached to GAAC's Complaint as Exhibit D appears to be accurately quoted. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 26, as well as the authenticity of the attached policy, and it applicability and/or enforceability, and therefore denies same.

27.

Admitted that the Policy attached to GAAC's Complaint as Exhibit C appears to be accurately quoted. Defendant Taylor is without knowledge or information

sufficient to form a belief with regard to the remaining allegations contained in Paragraph 27, as well as the authenticity of the attached policy, and it applicability and/or enforceability, and therefore denies same.

28.

Admitted that the Policy attached to GAAC's Complaint as Exhibit C appears to be accurately quoted. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 28, as well as the authenticity of the attached policy, and it applicability and/or enforceability, and therefore denies same.

29.

Admitted that the Policy attached to GAAC's Complaint as Exhibit C appears to be accurately quoted. Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 29, as well as the authenticity of the attached policy, and it applicability and/or enforceability, and therefore denies same.

30.

Admitted that Philadelphia Insurance Company and Colony Specialty Insurance Company tendered their respective policy limits of $1 million and $5 million in exchange for a limited liability release. Keyanba Taylor Defendant

Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 30 and therefore denies same.

31.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 31 and therefore denies same.

32.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 32 and therefore denies same.

33.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 33 and therefore denies same.

34.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 34 and therefore denies same.

35.

Paragraph 35 incorporates paragraphs 1-34 and no response is required. To the extent any response is required, Defendant Taylor denies GAAC is entitled to the relief it seeks.

36.

Denied as pled. In further response, Defendant Taylor states this is not an accurate statement pursuant to Washington law, and proper notice was given under both Washington and Georgia law, and therefore denies FFIC's allegations in this paragraph.

37.

Denied that "GAAC did not receive notice of the subject incident or Underlying Action until 29 months after the subject incident occurred, more than 18 months after the Underlying Action was filed and more than a year after the Amended Complaint was filed in the Underlying Action." Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the remaining allegations contained in Paragraph 37 and therefore denies same.

38.

Admitted that the underlying incident constitutes an "occurrence" but Defendant denies the remaining allegations and interpretations regarding how and when notice is "required" in this paragraph .

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Paragraph 43 incorporates paragraphs 1-42 and no response is required. To the extent any response is required, Defendant Taylor denies GAAC is entitled to the relief it seeks.

44.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 44 and therefore denies same.

45.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 45 and therefore denies same.

46.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 46 and therefore denies same.

47.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 47 and therefore denies same.

48.

Paragraph 48 incorporates paragraphs 1-47 and no response is required. To the extent any response is required, Defendant Taylor denies GAAC is entitled to the relief it seeks.

49.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 49 and therefore denies same.

50.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 50 and therefore denies same.

51.

Defendant Taylor is without knowledge or information sufficient to form a belief with regard to the allegations contained in Paragraph 51 and therefore denies same.

In response to the unnumbered paragraph beginning "WHEREFORE," including its subparts "A" through "E", the Defendant Taylor denies that GAAC is entitled to any of the relief it seeks in this case.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counterclaim Plaintiff Taylor assert the following Counterclaims against Plaintiff/Counterclaim Defendant GAAC:

## PARTIES

1.

Defendant/Counterclaim Plaintiff Taylor is a resident and citizen of the State of Georgia.

2.

Plaintiff/Counterclaim Defendant Great American Assurance Company ("GAAC") is a South Dakota corporation with its principal place of business in Ohio.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this Counterclaim

pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Keyanba Taylor and GAAC and the amount in controversy exceeds $75,000.

4.

This Court has personal jurisdiction over GAAC by virtue of GAAC filing its action in this Court and because GAAC conducts business in Georgia.

5.

Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because this Court has personal jurisdiction over GAAC.

6.

Pursuant to 28 U.S.C. § 2201, Defendant/Counterclaim Plaintiff Taylor is similarly entitled to see a declaration of coverage.

## UNDERLYING FACTS

7.

On April 28, 2018, Tarvis Taylor was shot and killed at the Paradise East Apartments in Atlanta, GA, due to the negligence of Defendants Paradise Housing Partners LP, Paradise Housing Management, LLC, Vitus Development III, LLC, Multifamily Management of Philadelphia, LLC (collectively "the Paradise East Defendants").

8.

Defendant/Keyanba Taylor is the biological mother of Tarvis Taylor, and the administrator of the estate of Tarvis Taylor, deceased.

9.

On February 4, 2019, Keyanba Taylor filed a Complaint in the State Court of DeKalb County pertaining to the shooting of Tarvis Taylor, which is styled: *Keyanba Taylor, individually and as surviving parent of Tarvis Taylor, and Keyanba Taylor, as administrator of the estate of Tarvis Taylor, deceased, v. Paradise Housing Partners LP, Paradise Housing Management, LLC, Arco Management Corporation, Vitus Development IV, LLC and Blue Line Protection Management and Consulting, LLC*. (DeKalb County State Court, Civil Action No. 19A73108) ("the underlying action"). Keyanba Taylor's Complaint and Amended Complaint are attached hereto as Exhibits A and B, respectively, and are incorporated herein.

10.

In the underlying action, Keyanba Taylor, as the surviving parent of Tarvis Taylor, claims damages for Tarvis Taylor's wrongful death, representing the full value of the life of Tarvis Taylor, economic and intangible, to himself had he lived. In the underlying action, Keyanba Taylor seeks all wrongful death damages

permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

11.

In the underlying action, Keyanba Taylor, as the Administrator of the Estate of Tarvis Taylor, claims all damages for all the elements of the personal injuries, conscious physical and mental pain and suffering, mental anguish, medical expenses, and all other injuries and damages endured by Tarvis Taylor prior to his death proximately caused by the April 28, 2018 incident at issue. In the underlying action, Keyanba Taylor seeks all estate-based damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

12.

At the time of the shooting, Defendants Paradise Housing Partners LP, Paradise Housing Management, LLC, Vitus Development III, LLC, Multifamily Management of Philadelphia, LLC (collectively "the Paradise East Defendants") had insurance coverage under a primary general liability insurance policy and "follow form" excess policies of insurance, issued by Colony Specialty Insurance Company ("Colony"), Great American Assurance Company ("GAAC") and FFIC, in that order.

13.

Philadelphia Indemnity Insurance Company ("Philadelphia") issued the primary general liability policy, which provided policy limits of $1 million per occurrence.

14.

Per the allegations of Plaintiff's Complaint and the insurance policies provided, the first excess policy contains three policies from separate insurers: Colony, GAAC, and FFIC. Together, the first excess policy provides a total of $25 million in excess coverage above the $1 million general liability Philadelphia policy. Colony provides the first $5 million in excess coverage following the Philadelphia policy. Great American provides the second $5 million in excess coverage following the Colony policy. ("Great American Policy"). FFIC provides the final $15 million in excess coverage following the Great American policy ("FFIC Policy"). Thereafter, a second excess policy exists in the amount of $25 million, issued by GAAC.

15.

The GAAC policy contains a "follow form" endorsement stating that the GAAC policy follows "the exact terms and conditions of the Colony excess policy.

16.

The value of Plaintiffs' damages sustained as a result of the shooting of Tarvis Taylor could exceed all available insurance coverages.

17.

According to the GAAC policy, GAAC is obligated to provide excess insurance coverage according to the terms of the policy and applicable law. The GAAC policy covers the shooting of Tarvis Taylor and the underlying action.

18.

Upon information and belief, the Paradise East Defendants timely paid all premiums for all policies at issue.

19.

Upon information and belief, the Paradise East Defendants provided timely notice to GAAC and/or its agent(s) of the shooting of Tarvis Taylor and the underlying action. Specifically, as alleged in the action the Paradise East Defendants filed in the Superior Court of the State of Washington styled *Paradise Housing Partners LP, et al. v. Fireman's Fund Insurance Company, et al.*, Superior Court of the State of Washington for King County, Action No. 21-2-00298-2 SEA, the Paradise East Defendants notified National Real Estate Group ("NREG"), which, upon information and belief, was the proper agent to notify. Moreover, upon first

receipt of Keyanba Taylor's demand indicating she was seeking more than $6 million, the underlying insureds promptly provided the demand and notice to FFIC.

20.

The laws of the State of Washington apply to this action because the GAAC policy at issue was made and delivered in Seattle, WA.

21.

Even if the Paradise East Defendants did not provide timely notice of the shooting of Tarvis Taylor and the underlying action to GAAC and/or its agent(s), which Defendant/Counterclaim Plaintiff Taylor denies, GAAC suffered no prejudice under Washington law as a result of any alleged late notice. Moreover, proper notice was also given under Georgia law under the facts and circumstances.

22.

On September 24, 2020, Keyanba Taylor sent a time-limited settlement demand in the amount of $26 million to counsel for the Paradise East Defendants. While the demand was pending, counsel for the Paradise East Defendants requested an extension of time to respond to the demand up to and including December 17, 2020. Counsel for Keyanba Taylor and counsel for the Paradise East Defendants scheduled a mediation for December 17, 2020, acknowledging that if the case did not resolve at mediation, the demand would expire that day.

23.

Prior to December 17, 2020, counsel for Plaintiff FFIC called counsel for Defendant Keyanba Taylor to discuss mediation and settlement ranges as well as switching to a different mediator. This proposed change created considerable conflict between the Philadelphia Insurance Company lawyer defending the underlying action, FFIC's counsel, and counsel for Defendant Taylor, and were actions inconsistent with the filing of FFIC's related lawsuit and FFIC's position in that case.

24.

On December 17, 2020, Philadelphia tendered its $1 million policy limit, and Colony tendered its $5 million policy limit pursuant to a limited liability release specifically vesting Defendant Keyanba Taylor with the right to pursue all other insurance the Paradise East Defendants possessed.

25.

On December 17, 2020, counsel for GAAC called counsel for Defendant Taylor. During that call, counsel for GAAC requested and counsel for Defendant Taylor agreed to a 90-day extension for GAAC to respond to the demand so that a mediation could be scheduled and Great American could conduct additional

discovery. These actions by GAAC are inconsistent with the filing of this lawsuit and GAAC's position in this case.

26.

Pursuant to the terms of the Limited Liability Release, all of Keyanba Taylor's claims in the underlying action remain pending and unaffected by the limited liability release.

27.

Plaintiff GAAC's Complaint fails to state that two prior declaratory judgment actions pertaining to excess insurance coverage for the underlying action were filed before the instant action. Specifically, on January 6, 2021, the Paradise East Defendants filed a declaratory judgment action in the Superior Court of the State of Washington, requesting, inter alia, a declaration that GAAC and FFIC are obligated to provide insurance coverage. Further, on January 7, FFIC filed a declaratory judgment action in the United States District Court for the Northern District of Georgia requesting, inter alia, a declaration that FFIC is not obligated to provide coverage.

**COUNT ONE – DECLARATORY JUDGMENT OF COVERAGE**

28.

Counterclaim Plaintiff Taylor is entitled to file this claim for declaratory judgment pursuant to 28 U.S.C. § 2201. Defendant/Counterclaim Plaintiff Taylor requests that this Court declare the rights of all parties to this action relative to the GAAC policy, and declare that GAAC is obligated to provide insurance coverage for the shooting of Tarvis Taylor and the underlying action.

29.

The GAAC policy covers the shooting of Tarvis Taylor and the underlying action and provides policy limits of $5 million per occurrence.

30.

Because the shooting of Tarvis Taylor constitutes an "occurrence" under the GAAC policy, GAAC is obligated to provide insurance coverage.

31.

The GAAC policy contains a "follow form" endorsement stating that the GAAC policy follows "the exact terms and conditions of the Colony excess policy.

32.

The Paradise East Defendants maintain they did provide timely and proper notice to all insurers.

33.

Further, National Real Estate Purchasing Group ("NREG") assumed the responsibility to notify the insurers as necessary, and the insurers consented to NREG's assumption of that responsibility. Upon information and belief, the Complaint in the underlying action was forwarded to NREG on or about February 14, 2019

34.

The Colony excess policy, to which the GAAC is a "follow form" policy, provided coverage for the shooting of Tarvis Taylor and the underlying action, and Colony tendered its policy limits. Accordingly, Defendant Taylor is entitled to bring this action under her agreement with Colony.

35.

But for the alleged notice issue, there is no dispute the policy at issue would provide coverage for the shooting of Tarvis Taylor and the underlying action.

36.

Keyanba Taylor has an interest in the parties' rights regarding the GAAC insurance policy because, pursuant to the Limited Liability Release, the Paradise East Defendants may be liable to the extent they have insurance coverage beyond the

$6 million tendered by Philadelphia and Colony. Accordingly, Keyanba Taylor is an "interested party" as contemplated by 28 U.S.C. § 2201.

37.

A declaration of rights would alleviate uncertainty facing the parties regarding whether GAAC will be obligated to provide insurance coverage, a defense, and indemnity in the underlying action.

**COUNT TWO – BREACH OF CONTRACT**

38.

Although not a party to the insurance contract, the limited liability release entered into by Philadelphia and Colony creates a legal right under the "follow form" endorsements to the insurance contracts. Thus, Defendant/Counterclaim Plaintiff Taylor is entitled to assert all rights which Defendants have under the GAAC policy.

39.

Pursuant to the GAAC policy, Counterclaim Defendant GAAC is liable for any judgment or verdict against the Paradise East Defendants in the underlying action.

40.

The GAAC policy contains a "follow form" endorsement stating that the GAAC policy follows the exact terms and conditions of the Colony excess policy.

41.

The Colony excess policy, to which the GAAC is a "follow form" policy, provided coverage for the shooting of Tarvis Taylor and the underlying action, and Colony tendered its policy limits. Moreover, Colony agreed Defendant/Counterclaim Plaintiff Taylor had the right to pursue all the "follow form" and other insurance issues to the Paradise East Defendants. Accordingly, because the GAAC is a "follow form" policy to the Colony policy, it contains the exact terms and conditions of the Colony policy (except with regard to the limits of insurance), and thus, there should be coverage under the GAAC policy.

42.

By virtue of its denial of coverage for the claim, GAAC has breached its contract with all Defendants.

43.

Because GAAC has denied coverage, Counterclaim Plaintiff Taylor, as a limited liability releasor, a potential judgment creditor, and an interested party under the GAAC policy, will be entitled to be paid the full amount of the verdict or

judgment in the underlying action, plus interest and attorneys' fees to be determined by the trier of fact, plus costs.

**COUNT THREE – ATTORNEYS' FEES**

44.

GAAC's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Keyanba Taylor undue expense. Thus, Defendant/Counterclaim Plaintiff Taylor is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action.

WHEREFORE, Counterclaim Plaintiff Taylor prays as follows:

1) that this court determine and adjudicate the rights and liabilities of the parties under the GAAC policy;
2) for declaratory relief and a determination that GAAC has an obligation to provide $15,000,000 in excess insurance coverage to the Paradise East Defendants in the underlying action;
3) that this Court award Defendant/Counterclaim Plaintiff Taylor reasonable attorneys' fees;
4) for a jury to be impaneled to resolve all factual disputes; and

5) for such other and further relief as this court deems just and appropriate under the circumstances.

DEMAND FOR TRIAL BY JURY

This 8th day of February 2021.

**LAW & MORAN**

*/s/ Brian C. Kaplan*
Peter A. Law
Georgia Bar No. 439655
Brian C. Kaplan
Georgia Bar No. 644393
Attorneys for Defendant Taylor

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [Facsimile]
pete@lawmoran.com
brian@lawmoran.com

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing document has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393
Attorney for Defendant Taylor

**CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 8th day of February 2021.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393
Attorney for Defendant Taylor

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [Facsimile]
pete@lawmoran.com
brian@lawmoran.com